# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | : | |
| | : | |
| v. | : | ID No. 2308003743 |
| | : | |
| KEVIN JASOVSKY, | : | |
| | : | |
| Defendant. | : | |

Submitted: January 24, 2025
Decided: April 14, 2025

## ORDER DENYING MOTION FOR
## POSTCONVICTION RELIEF

Upon consideration of defendant Kevin Jasovsky's motion for postconviction relief, Superior Court Criminal Rule 61, and the record, it appears that:

1. On August 7, 2023, Jasovsky was driving north on Route 1 near Milton, Delaware when he accidentally rear-ended a fully marked Delaware River and Bay Authority ("DRBA") patrol vehicle. Both vehicles stopped. Trooper Evans of the Delaware State Police arrived on scene shortly afterward. As Trooper Evans and the DRBA officer approached Jasovsky's vehicle together, Jasovsky attempted to leave the scene and drove approximately 200 to 300 feet before stopping. Jasovsky either would not or could not—possibly due to his impairment—comply with the officers' commands to exit the vehicle, so they removed him from the car. While removing Jasovsky from the car and putting him in handcuffs, both officers suffered physical injuries. After being taken into custody, Jasovsky requested medical attention for

alcohol withdrawal, and Trooper Evans transported him to Beebe Hospital. A sample of Jasovsky's blood showed that his blood alcohol content was between .402 and .492.

2. A grand jury indicted Jasovsky for eight charges: driving under the influence, two counts of assault second degree of a law enforcement officer, resisting arrest, leaving the scene of a property damage accident, failure to provide information at a collision scene resulting in property damage, failure to report an accident involving alcohol, and failure to remain in a single lane.

3. Jasovsky's attorney ("Counsel") entered his appearance on August 15, 2023, and represented Jasovsky at his preliminary hearing on September 7, 2023. Counsel filed a motion for discovery and requested a continuance of the first case review because the State's discovery response was incomplete.

4. Counsel negotiated a plea offer where Jasovsky would plead guilty to fourth offense driving under the influence and resisting arrest, with sentencing to be determined after a presentence investigation. In exchange, the State agreed to drop the remaining charges, including the two felony assault charges.

5. On March 26, 2024, Jasovsky accepted the plea offer. This court conducted a plea colloquy in which Jasovsky confirmed the following: he had enough time to consider his decision to enter the plea; he had enough time to review his case with Counsel; he spoke with Counsel about the evidence against him and

2

the charges he faced; he was satisfied with Counsel's representation; Counsel had done everything he reasonably could on his behalf; he had no complaints about Counsel; he was sure that the plea was the best way to resolve his case; he reviewed the truth-in-sentencing ("TIS") form with Counsel; he read and understood the TIS form; he was answering the court's questions truthfully; he was not under the influence of drugs or alcohol; he had not been threatened or forced to take the plea; and he had not been promised anything that was not contained in the written plea offer.[1] During the plea colloquy, the court reviewed Jasovsky's trial rights with him, and he confirmed that he understood that he would be giving up those rights by entering the plea.[2] Jasovsky admitted to committing the two offenses, and the court found that the plea was knowingly, intelligently, and voluntarily entered, and ordered a presentence investigation.[3]

6. On May 24, 2024, this court sentenced Jasovsky as follows: for the DUI, five years at Level V, suspended after two years (with credit for 163 days previously served) followed by one year at Level III, followed by one year at Level II; for resisting arrest, one year at Level V, suspended for one year at Level III.[4]

7. Jasovsky filed this *pro se* motion for postconviction relief under Superior Court Criminal Rule 61 raising the following claims: (1) he received

---

[1] D.I. 41, Tr. of Plea Colloquy at 4-10.
[2] *Id*. at 7-8.
[3] *Id*. at 10.
[4] D.I. 25, Sentence Order.

ineffective assistance of counsel, (2) he was not competent to enter the plea, and (3) Counsel had a conflict of interest. In his motion, he asks this court to either reduce his sentence or order his release from incarceration. At the court's request, Counsel and the State both filed responses to Jasovsky's motion.

8. Rule 61 permits defendants to seek to set aside a judgment of conviction on any ground that is "a sufficient factual and legal basis for a collateral attack upon a criminal conviction . . . ."[5] "If it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief, the judge may enter an order for its summary dismissal and cause the movant to be notified."[6] This is Jasovsky's first motion for postconviction relief. It is timely, and there are no other procedural bars to relief.

9. To establish that he received ineffective assistance of counsel, Jasovsky must satisfy the *Strickland v. Washington* test by demonstrating (1) that Counsel's performance was objectively unreasonable (the "performance prong") and (2) that there was a "reasonable probability that, but for Counsel's unprofessional errors, the result of the proceeding would have been different" (the "prejudice prong").[7] Under *Strickland*, there is a strong presumption that counsel conducted himself in an objectively reasonable manner. And, importantly, in the context of a guilty plea, the

---

[5] Super. Ct. Crim. R. 61 (a)(1).
[6] Super. Ct. Crim. R. 61 (d)(5).
[7] 466 U.S. 668, 694 (1984).

prejudice prong can only be satisfied where "there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial."[8]

10.   Jasovsky argues that Counsel was ineffective because he: (1) did not make any pretrial arguments on Jasovsky's behalf, (2) did not investigate the facts of the case because certain discovery was received only two days before sentencing,[9] and (3) did not investigate Jasovsky's mental health history. Jasovsky claims that these deficiencies forced him to plead guilty. The claims are belied by the record. First, during Jasovsky's plea colloquy with the court, he stated that he had plenty of time to review his case with his attorney and to talk to him about the evidence, he was satisfied with Counsel's representation of him, Counsel had done everything he possibly could for him, and he had no complaints about anything Counsel did or did not do. Jasovsky is bound by those statements and his answers on the TIS form.[10] Second, Jasovsky does not articulate what pretrial arguments Counsel should have made. Conclusory allegations are insufficient to prove ineffectiveness of counsel[11] and, here, the court finds any pretrial motions—such as a motion to suppress—would

---

[8] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988); *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

[9] Jasovsky does not specify what discovery materials these were. The docket indicates the State filed a sentencing memorandum two days prior to sentencing, which is probably what Jasovsky is referring to.

[10] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997) ("In the absence of clear and convincing evidence to the contrary, [a defendant] is bound by his answers on the [TIS Form] and by his sworn testimony prior to the acceptance of the guilty plea.").

[11] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

have been meritless. Jasovsky's final two claims lack merit: Counsel requested additional discovery at case review which showed that Counsel was familiar with the discovery materials, and Counsel did in fact investigate Jasovsky's mental health issues, as evidenced by the presentence investigation—which, among other things, uncovered various mitigating factors that were considered by the court when it imposed Jasovsky's sentence.

11.    To support his claim that he was not competent to enter the guilty plea, Jasovsky attaches several letters from healthcare providers. A 2020 evaluation from a psychologist confirms a prior diagnosis of frontotemporal dementia with cognitive and behavioral changes. Another report, from 2018, noted Jasovsky's deficits in verbal recall, concentration, and executive function.[12] Neither report, however, deems Jasovsky to be incompetent to stand trial. Counsel states in his response to Jasovsky's motion that, based on his interactions with Jasovsky, he found that Jasovsky understood the proceedings against him, and Jasovsky's claim of incompetence is belied by his well-written and detailed motion. This claim fails.

---

[12] The court notes that Jasovsky had the opportunity to provide these medical records to be included with the presentence investigation. Had he done so, however, the records—which also detail Jasovsky's dependance on alcohol and the physical and mental health problems that resulted from that dependance—would have confirmed the court's determination noted at sentencing that Jasovsky's alcohol consumption posed a danger to the community and to himself because of his inability to stop drinking, even after multiple attempts at treatment and rehabilitation in the community.

12. Finally, Jasovsky argues that Counsel had a conflict of interest. Jasovsky does not state what the alleged conflict is. Instead, he rehashes his ineffective assistance of counsel claim by stating that Counsel did not have any in-person visits with him and did not file any pretrial motions. Jasovsky does not point to an actual conflict of interest on the part of Counsel, and as explained above, his claims of a "conflict" based on ineffectiveness are without merit.

NOW THEREFORE, Jasovsky's Motion for Postconviction Relief is DENIED.

IT IS SO ORDERED.


*/s/ Robert H. Robinson, Jr.*
Robert H. Robinson, Jr., Judge

pc:    Kevin Jasovsky, c/o SCI
       Richard Rettig, Esquire
       Michael Abram, Esquire